## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

ROGER DUNFEE,

                Plaintiff,

v.                                          CIVIL ACTION NO. 2:10-cv-01250

GLOBAL CONTACT SERVICES LLC,

                Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the court is the defendant's Motion to Dismiss the Complaint [Docket 3]. For reasons discussed below, this Motion is **GRANTED**. This case shall be **DISMISSED** without prejudice and **STRICKEN** from the docket.

### I.     Background

The plaintiff, Roger Dunfee, was formerly employed by the defendant, Global Contact Services, LLC ("Global").[1] The specific details of the plaintiff's employment and termination are not in the record, however, it is uncontested that Global terminated the plaintiff on June 9, 2009. On September 2, 2010, the plaintiff filed a Complaint in the Circuit Court of Fayette County, West Virginia. In his Complaint, the plaintiff alleges that he was illegally fired due to false accusations concerning a "sexual device." The plaintiff further asserts that he was "subject to severe

---

[1] The plaintiff named both Global and "John Does" as defendants in the action. The plaintiff, however, has not identified these John Does or asserted facts in support of a cause of action against any individual.

harassment" by co-workers and that when the plaintiff complained about the "ridicule, disparaging comments . . . and continued gossip," that "the harassment continued and in fact became worse; the Plaintiff was subjected to a higher level of scrutiny." The plaintiff's Complaint does not identify any legal basis for any of his claims against the defendant.

Global removed the action to this court pursuant to 28 U.S.C. § 1441 on the grounds of diversity of citizenship between the parties under 28 U.S.C. § 1332. The plaintiff did not object to the removal. Global filed the instant Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Neither the plaintiff's Complaint, nor the plaintiff's Response to the defendant's Motion to Dismiss [Docket 5] cite any legal authority supporting any specific cause of action. The plaintiff's Complaint, however, could be construed to allege causes of action for harassment, discrimination, retaliatory and wrongful discharge, infliction of emotional distress, invasion of privacy, breach of contract, and the tort of outrage. The plaintiff requests (1) an Order reinstating the plaintiff to his prior position; (2) back wages including medical benefits; (3) punitive damages; and (4) attorneys' fees. Global asserts that the plaintiff's Complaint fails to plead any actionable claim under either federal or West Virginia law and, accordingly, must be dismissed.

**II.     Legal Standard**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Federal Courts are instructed to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). As the Supreme Court recently reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'"). A court cannot accept as true legal conclusions in a complaint that merely recite the elements of a cause of action supported by conclusory statements. *Iqbal*, 129 S. Ct. at 1949-50. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable, and those facts must be more than merely consistent with the defendant's liability to raise the claim from merely possible to probable. *Id.*

In determining whether a plausible claim exists, the court must undertake a context-specific inquiry, "[b]ut where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). A complaint must contain enough

facts to "nudge[] [a] claim across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### III.   Analysis

The plaintiff's Complaint contains general factual allegations and cites vague legalese such as "retaliation for exercise of rights" and "substantial public policy" as a basis for relief. The plaintiff has not, however, identified any legal basis for his claims and this court cannot readily discern what causes of action, if any, the plaintiff is actually asserting. It is not the responsibility of the court to name the tort. It is the duty of the plaintiff and his attorney to locate legal authority supporting causes of action. This court is not foreclosing the possibility that the plaintiff may be entitled to some relief or commenting on the validity of the plaintiff's claims because, even construing the Complaint liberally, the plaintiff has not identified any actual claims that could "plausibly give rise to an entitlement to relief." *See Iqbal*, 129 S. Ct. at 1950.

Regarding the plaintiff's harassment and discrimination claims, the plaintiff has not identified any specific instances of harassment or discrimination. The plaintiff mentions his "sexual preference" and comments that he "allegedly made about a sexual device" as Global's grounds for this harassment and discrimination, but does not elaborate on these allegations. Without identifying harassing or discriminatory treatment, the plaintiff cannot establish a claim under federal or state law.[2] *See Spicer v. Va. Dept. of Corrections*, 66 F.3d 705, 709-710 (4th Cir. 1996) (setting out the requirements to establish a claim for sexual harassment under Title VII) and *Conrad v. ARA Szabo*,

---

[2] This court notes that the plaintiff's pleadings likely fail to state a claim for harassment or discrimination on multiple additional grounds including failing to identify any protected class or activity under either federal or state law. As the plaintiff has not identified a single instance of harassment or a specific basis for the alleged harassment, it is not necessary to consider the additional requirements for a harassment or discrimination claim.

480 S.E.2d 801, 809-12 (W. Va. 1996) (discussing the "showing that the plaintiff must make as to the elements of the *prima facie* case" of sexual harassment under the West Virginia Human Rights Act). Accordingly, this court **FINDS** that the plaintiff has failed to state a claim for harassment or discrimination.

As to the plaintiff's retaliatory discharge claim, the plaintiff has similarly failed to plead any facts that would entitle him to relief. Under West Virginia law:

> [T]he burden is on the complainant to prove by a to prove by a preponderance of the evidence (1) that the complainant engaged in protected activity, (2) that complainant's employer was aware of the protected activities, (3) that complainant was subsequently discharged and (absent other evidence tending to establish a retaliatory motivation), (4) that complainant's discharge followed his or her protected activities within such period of time that the court can infer retaliatory motivation.

*Conrad*, 480 S.E.2d at 813. It is undisputed that Global terminated the plaintiff, but the plaintiff has not identified facts in furtherance of any of the other elements of a retaliatory discharge claim. To the contrary, the plaintiff states that prior to his termination, he was placed on a performance plan and accused of violating workplace rules, both facts which undercut the plaintiff's claim that he was terminated for an improper purpose. Accordingly, this court **FINDS** that the plaintiff has failed to state a claim for retaliatory and/or wrongful discharge.

Regarding the plaintiff's emotional distress and outrage claims, the plaintiff has asserted no factual predicate for these claims. The West Virginia Supreme Court has defined the "tort of outrage or intentional infliction of emotional distress" as "[o]ne who by extreme or outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for bodily harm." *Roth v. DeFeliceCare, Inc.*, 700 S.E.2d 183, 194 (W. Va. 2010). In the employment context, a complainant

must show that "the employee's distress results from the outrageous manner by which the employer effected the discharge." *Id.* The plaintiff has not alleged any outrageous conduct surrounding his discharge or employment. Accordingly, this court **FINDS** that the plaintiff has failed to state a claim for emotional distress or the tort of outrage.

The plaintiff's claim for invasion of privacy also fails because the plaintiff does not assert any of the common law invasion of privacy causes of action recognized in West Virginia. In West Virginia, an "'invasion of privacy' includes (1) an unreasonable intrusion upon the seclusion of another; (2) an appropriation of another's name or likeness; (3) unreasonable publicity given to another's private life; and (4) publicity that unreasonably places another in a false light before the public." *Crump v. Beckley Newspapers, Inc.*, 320 S.E.2d 70, 85 (W. Va.1984). The plaintiff does not allege that the defendant misappropriated his name or likeness. The plaintiff also "cannot assert a claim for unreasonable publicity, or false light invasion of privacy, because these torts 'require widespread publicity'; communication of private facts to 'a small group of persons' is not enough." *Leonard v. Alcan Rolled Products-Ravenswood, LLC*, No. 09-971, slip op. at 2, 2009 WL 3669340, at \*2 (S.D. W. Va. Nov. 3, 2009) (quoting *Davis v. Monsanto Co.*, 627 F. Supp. 418, 421 (S. D. W. Va.1986)). "Moreover, with respect to the tort of false light invasion of privacy, the plaintiffs have not asserted that any of the allegedly disseminated information was false." *Id.* The plaintiff alleges that Global discussed private issues with nonessential employees and non-employees, but the plaintiff does not provide any further description of these "private matters." The plaintiff has not alleged any widespread publicity, claimed that Global disseminated any false information, or otherwise asserted any facts that support a claim for invasion of privacy under West Virginia law.

Accordingly, this court **FINDS** that the plaintiff has failed to state a claim for invasion of privacy.

### IV. Conclusions

The defendant's Motion to Dismiss is **GRANTED**. This case shall be **DISMISSED** without prejudice and **STRICKEN** from the docket. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 13, 2010

Joseph R. Goodwin, Chief Judge